### MOBIL PIPE LINE COMPANY

v.

### The UNITED STATES.

### No. 414–81L.

United States Claims Court.

March 24, 1983.

Monica A. Schmidt, Dallas, Tex., for plaintiff.

Daniel G. Steele, with whom was Asst. Atty. Gen. Carol E. Dinkins, Washington, D.C. for defendant.

## ORDER

YANELLO, Judge.

Defendant, on August 26, 1981, filed a Motion to Dismiss for lack of subject matter, jurisdiction and failure to state a claim upon which relief can be granted. According to our records, this Motion was never acted upon by the Appellate Division of the Court of Claims. On September 28, 1981, plaintiff filed its First Amended Complaint and defendant's Answer thereto was filed on October 28, 1981. The abovementioned dispositive motion was referred to this Court as part of the reorganization effective October 1, 1982.

Inasmuch as it is not known to what extent the plaintiff's First Amended Complaint may have supplied the defects noted in defendant's Motion to Dismiss, it is hereby

ORDERED, that defendant's Motion to Dismiss of August 26, 1981, is DENIED as MOOT. In the event that defendant believes that its grounds for dismissal also pertain to the plaintiff's First Amended Complaint, it may refile an appropriate motion, (it is noted that plaintiff has responded to defendant's Interrogatories on December 13, 1982), and it is further

ORDERED, that the parties shall respond to the Inquiry re Further Proceedings appended hereto within 30 days of the date of this Order.

### INQUIRY re FURTHER PROCEEDINGS

#### (Rule 77.1)

This INQUIRY RE: FURTHER PROCEEDINGS is issued for the purpose of determining those further procedures best calculated to lead to a most expeditious resolution of this case. Accordingly, for these purposes,

IT IS HEREBY ORDERED THAT:

I. Both parties shall confer and, no later than 30 days after the joining of issue *or* the issuance of this order, whichever is later, shall file with the court (preferably jointly) a STATEMENT OF FURTHER PROCEEDINGS indicating, based on the initial pleadings and any initial discovery, which of the following procedures (or others to be proposed) is best calculated to lead to the most expeditious resolution of this case:

    A. *Deferral or Suspension* of proceedings pending the outcome of specific related activity (indicating the type and nature of related activity, and the extent to which such activity will bind the parties or be determinative of the issues, both legal and factual).

    B. *Settlement or Stipulations* based on the initial pleadings or with limited initial discovery. (See also the Claims Court Rules, Rule 68.)

    C. *Dispositive Motions,* especially those subject to preliminary hearings pursuant to Rule 12(d), and the extent of any [limited] discovery anticipated in connection with such motion.

    D. *Pretrial and Trial,* indicating whether relatively simple or complex factual issues are involved and the extent of discovery anticipated (as also discussed in Section II, infra.) All cases are at issue with respect to both liability and damage issues, unless ordered otherwise. See Rule 42(c).

II. The parties shall also state the PERIODS OF TIME deemed necessary for completion of the proceedings indicated.

Where appropriate, particularly in connection with any pretrial or trial activity, the parties should undertake to cooperate in

discovery and in the framing of discovery plans. (See Rule 26(f), (g), and Rule 37(g).) [1]

The periods initially allowed for proceedings under Section I, subparagraphs (A), (B), or (C) above, shall not be extended absent a showing of significant, and substantial, interim progress.

*III.* Unless the information and advice referred to in paragraphs I and II above is jointly submitted and agreed to, the parties should be prepared to attend a PRELIMINARY CONFERENCE.[2]

This preliminary conference should be held at the earliest possible date after the information and advice is furnished. Counsel shall, at the same time as they furnish the information described above, propose two mutually convenient dates for such conference which will then be scheduled by the judge by separate Order. (It is noted, for the parties convenience, that the judge is customarily available for such preliminary conferences and status calls on the Wednesday following the first Monday of each month.)

Counsel will personally appear at this conference, to be held at the court's offices at 717 Madison Place N.W., in Washington, D.C., unless the counsel request that the conference be held by telephone (as where counsel may reside outside the greater Washington Metropolitan Area.)

The parties should be prepared, at such conference, to discuss the information and advice which they have furnished re: further proceedings and to assist the judge in scheduling further appropriate proceedings.

JUDITH ANN YANNELLO
Judith Ann Yannello, Judge

---

1. In general, and unless otherwise ordered, discovery may be initiated by the parties, pursuant to the Rules of the Claims Court, without further specific order by the judge. (The parties may file such discovery plans and schedules as they have agreed to.) The judge will schedule the filing of dispositive motions or the initiation of pretrial pursuant to the parties' advice furnished in response to this inquiry, taking into account the parties' estimates for conduct of discovery to the extent deemed appropriate and reasonable by the judge. The parties may conduct such discovery as is deemed appropriate for submission of dispositive motions or pretrial submissions within the time periods scheduled for the submissions themselves.

2. The parties are advised that, even where the information is submitted jointly, the judge may modify the proposed proceedings to the extent deemed appropriate and taking into account the reasonableness of the parties' proposed schedules. Where such modifications are contemplated, the judge may, in her discretion, schedule a preliminary conference with counsel.